# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **PROJECT VOTE, INC.,** | ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:16-cv-2445-WSD |
| v. | ) |
| **BRIAN KEMP,** *In His Official Capacity as Georgia Secretary of State and Chief Election Official for the State of Georgia,* | ) **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION AND WITHDRAWAL OF REQUEST FOR TREATMENT AS EMERGENCY MOTION UNDER LOCAL RULE 7.2(B)** |
| Defendant. | ) |

Plaintiff Project Vote, Inc. ("Project Vote") hereby replies to the Opposition of Defendant Brian Kemp ("Defendant") to Project Vote's Request for Emergency Treatment of its Motion for Preliminary Injunction. Project Vote hereby respectfully withdraws its request for emergency briefing, but requests that the Court direct that Defendant, consistent with this Court's Local Rule 7.1(B), file his response to Project Vote's Motion for Preliminary Injunction no later than July 28, 2016, with Project Vote's reply to be filed no later than August 11, 2016.

Following the filing of its Opposition (Dkt. 15) ("Opp."), Defendant served by courier voluminous electronic records on counsel for Project Vote at

approximately 2:00 p.m. yesterday.  Defendant has represented to Project Vote that these records – compiled and produced in the *two weeks* after this suit was filed – may satisfy Project Vote's records requests, some of which have been pending for more than *two years*.  Defendant's production obviates the immediate need for an emergency briefing schedule for Plaintiff's Motion for Preliminary Injunction (Dkt. 12-1) ("Pl.'s Mem."), as Project Vote is analyzing the produced records to determine whether the production may enable the parties to resolve this case without further judicial intervention; if so, Project Vote will seek to meet and confer with Defendant.  Project Vote accordingly withdraws its request for emergency treatment and requests that briefing proceed according to this Court's usual schedule as set forth above.

Despite Defendant's production, however, several incorrect assertions in Defendant's Opposition warrant correction:

*First*, the current production of records does not moot this case.  The production does not include all of the requested records kept by Defendant.  As one immediately apparent example, Project Vote requested the notices sent to "not verified" voter registration applicants that Defendant represented that his office sends (and is required by the National Voter Registration Act ("NVRA") to maintain for at least two years).  Pl.'s Mem. at 7-8.  These records are not included

in the production. Other requested records necessary to understanding Defendant's reasons for rejecting, canceling, or otherwise not adding voter registration applicants to the voter roll may likewise be missing from Defendant's production. Project Vote requires a reasonable time to analyze the information produced and determine the extent to which it satisfies Project Vote's requests.

*Second*, Defendant contradicts his own claim to have previously produced "all available records" in his own Opposition: elsewhere Defendant concedes that he *never before* produced these responsive records he gave to Project Vote *yesterday at 2:00 p.m.* In an attempt to justify withholding this responsive information for more than a year, Defendant claims that the creation of this file required assistance from the third party vendor that maintains the database. Opp. at 7. Yet Defendant's own Chief Information Officer states that such assistance was similarly required to create previously provided "available" records. Declaration of S. Merritt Beaver (Dkt. 15-1) at 5. Regardless, the NVRA requires that *Defendant* maintain voter registration records and make these accessible for public inspection.

*Third*, although Project Vote is withdrawing its request for expedited briefing in light of Defendant's production, the need for relief remains urgent given the deadlines associated with the upcoming 2016 general election. These deadlines

-3-

are fixed by the Defendant and require that this case be briefed and decided in a prompt manner.  As described in Project Vote's complaint and opening brief, the preliminary relief Project Vote seeks – requiring Defendant to make available for public inspection "all" of the requested records that relate to the "programs and activities" that maintain the "accuracy and currency" of the voter roll – is necessary so that Project Vote can provide the oversight functions envisioned by the NVRA *ahead of* these pressing deadlines.  Pl.'s Mem. at 21-25.  Project Vote spent years negotiating with Defendant in order to inspect the records necessary for that oversight function.  In response, Defendant ignored communications, delayed responses, or made unfulfilled promises that records would be made available.  Pl.'s Mem. at 9-12.[1]  Far from being an emergency "of its own making," Opp. at 3, the need for quick resolution of Project Vote's motion is squarely the result of Defendant's repeated stonewalling.

Further, Defendant cites no legal authority, and Project Vote is aware of none,[2] for its claim that a preliminary injunction is entitled to urgent treatment only

---

[1] Indeed, Defendant ***never*** responded to Project Vote's last communication on May 5, 2016 requesting a cost proposal.  Prior to that exchange, Defendant failed to respond to Project Vote's March 4, 2016 email for two months, and then only responded that he was "busy . . . and could not immediately respond."  *See* Declaration of Brian Mellor, Ex. O (Dkt. 12-17); Opp. at 5.

[2] Courts routinely grant expedited treatment in cases that involve voting rights

upon a showing of an "emergency with respect to any individual or group of individuals that have not been permitted to register to vote." Opp. at 2 (emphasis omitted). Defendant's argument is backwards: **Defendant** possesses the records that would shed additional light on the portion of the state's population that has been unable to register to vote, and those are precisely the records that Project Vote seeks. Indeed, the records that are the subject of Project Vote's Preliminary Injunction Motion were requested precisely so that Project Vote could identify individual voter registration applicants who were improperly prevented from registering and help them register to vote **before** the election, as well as identify procedures requiring corrective action to make sure other eligible applicants are not prohibited from registering. Defendant's delay tactics and dilatory responses to those requests are what created the need for urgency.

Project Vote therefore respectfully requests that briefing of its Motion for Preliminary Injunction proceed according to the Court's local rules, and that relief be ordered in as expeditious a manner as possible. In the meantime, Project Vote

---

ahead of an election. *See, e.g.*, Order at 1, *U.S. Student Ass'n Found. v. Land*, Civ. No. 08-14019 (E.D. Mich. Sept. 23, 2008), ECF No. 7 (granting expedited treatment of motion for preliminary injunction in an action under the NVRA and referencing the upcoming general election); *Bay Cnty. Democratic Party v. Land*, 340 F. Supp. 2d 802, 805 (E.D. Mich. 2004) (noting that expedited review was granted on a motion for venue transfer in an action under the Help America Vote Act of 2002).

will work to identify outstanding records requests that were not satisfied by

Defendant's production and seek an arrangement to obtain such records.

DATED this 21st day of July, 2016.

Respectfully submitted,

*/s/ James W. Cobb*
James W. Cobb
T. Brandon Waddell
**CAPLAN COBB**
75 Fourteenth Street NE
Suite 2750
Atlanta, GA 30309
(404) 596-5600
jcobb@caplancobb.com

**PROJECT VOTE, INC.**
Michelle E. Kanter Cohen
(admitted *pro hac vice*)
1420 K Street NW
Suite 700
Washington, DC 20005
(202) 546-4173
mkantercohen@projectvote.org

**ROPES & GRAY LLP**
John C. Ertman
(*pro hac vice* application pending)
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000
john.ertman@ropesgray.com

Nicole C. Durkin
David E. Rhinesmith
Jonathan R. Ference-Burke
David A. Young
(admitted *pro hac vice*)
2099 Pennsylvania Ave NW
Washington, DC 20006
(202) 508-4600
nicole.durkin@ropesgray.com
david.rhinesmith@ropesgray.com
jonathan.ference-burke@ropesgray.com
david.young@ropesgray.com

*Attorneys for Plaintiff Project Vote, Inc.*

## RULE 7.1 CERTIFICATION

I hereby certify that the foregoing Reply to Defendant's Opposition and Withdrawal of Request for Treatment as Emergency Motion Under Local Rule 7.2(B) was prepared in accordance with the font and point selections approved by the court in Local Rule 5.1B.

                                                   */s/ James W. Cobb*
                                                   James W. Cobb

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2016, I caused the foregoing Reply to Defendant's Opposition and Withdrawal of Request for Treatment as Emergency Motion Under Local Rule 7.2(B) to be filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ James W. Cobb*
James W. Cobb