IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **PROJECT VOTE, INC.,** | * | |
| | * | **Civil Action No.** |
| Plaintiff, | * | **1:16CV02445-WSD** |
| | * | |
| v. | * | |
| | * | |
| **BRIAN KEMP, in his official capacity as** | * | |
| **Secretary of State and Chief Election** | * | |
| **Official for the State of Georgia,** | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

## DEFENDANT KEMP'S
## MOTION TO STAY ALL DISCOVERY RELATED ACTIVITIES
## AND BRIEF IN SUPPORT

COMES NOW BRIAN KEMP, Georgia Secretary of State ("Secretary Kemp"), by and through his attorney of record, the Attorney General of the State of Georgia, and hereby moves to stay all discovery related activities pending the Court's resolution of Defendant's motion to dismiss.

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND.**

Plaintiff filed this action on July 6, 2016. Doc. 1. Defendant Brian Kemp has filed a motion to dismiss asserting a failure to state a claim. Doc. 20. Defendant now moves to stay all discovery related activities imposed by FED. R.

1

CIV. P. 16 and 26 and the Local Rules of this District pending adjudication of Defendant's motion.

## II. ARGUMENT AND CITATION TO AUTHORITIES.

While the Local Rules of this Court provide that the discovery period does not begin until after an answer has been filed, they do require that the Parties participate in an early planning conference, prepare the Joint Preliminary Report Discovery Plan, and serve Initial Disclosures, even when a motion is filed in lieu of an answer. See LR, NDGa 16.1, 16.2, and 26. For the following reasons, Defendant requests that he be relieved from participating in these limited discovery-related activities.

Rule 26(d) of the Federal Rules of Civil Procedure provides the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." FED. R. CIV. P. 26(d); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2nd Cir. 1987) (staying discovery pending determination of motion to dismiss); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2008 (2d ed. 1994) ("The court may wish to issue a protective order postponing

discovery on a particular subject until legal attacks on the sufficiency of the matter have been determined.") (citing *In re First Constitution Shareholders Litigation*, 145 F.R.D. 291 (D. Conn. 1991)).

Here, Defendant requests that he be relieved from having to exert time, effort, and resources on discovery related activities until the pending motion to dismiss is ruled upon. *See Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending resolution of motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (holding that "facial challenges to the legal sufficiency of the claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins").

An order staying discovery related activities, including the planning conference, joint preliminary statement, and initial disclosures, will protect the Parties from the burden of unnecessary expense and further the interests of efficiency and justice should the Court grant Secretary Kemp's motion to dismiss. In the alternative, the motion to dismiss, even if partially granted, would narrow the claims that survive and establish the proper scope of discovery for what remains, if anything, of Plaintiff's claims. Either way, the Parties will have been

relieved of expending additional time, effort, and resources on any and all claims that the Court may dismiss.

### III. CONCLUSION.

For the foregoing reasons, Defendant hereby requests that all discovery related activities be stayed in this matter pending a resolution of the motion to dismiss. A proposed order is attached for the Court's convenience.

Respectfully submitted,

SAMUEL S. OLENS          551540
Attorney General

DENNIS R. DUNN           234098
Deputy Attorney General

RUSSELL D. WILLARD   760280
Senior Assistant Attorney General
rwillard@law.ga.gov

/s/Cristina Correia
CRISTINA CORREIA        188620
Assistant Attorney General
ccorreia@law.ga.gov

JOSIAH B. HEIDT          104183
Assistant Attorney General
jheidt@law.ga.gov

Please address all
Communication to:
CRISTINA CORREIA
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
(404) 656-7063
 Fax:  404-651-9325

## Certificate of Service

I hereby certify that on August 3, 2016, I electronically filed Defendant Brian Kemp's Motion to Stay Discovery and Brief in Support using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

James Cobb
Timothy Brandon Waddell
Caplan Cobb LLP, Suite 2750
75 Fourteenth Street, NE
Atlanta, GA  30309

Michelle Kanter Cohen
Project Vote
1420 K. Street NW
Washington, D.C.  20005

John C. Ertman
ReBoul MacMurry Hewitt Maynard & Kristol
45 Rockefeller Plaza
New York, NY  10111

Jonathan R. Ference-Burke
Ropes & Gray, LLP-DC
2099 Pennsylvania Avenue, NW
Washington, D.C.  20006

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  NONE

This 3rd day of August, 2016.

/s/Cristina Correia
Cristina Correia          188620
Assistant Attorney General