# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| **PROJECT VOTE, INC.,** | ) |
|  | ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:16-cv-2445-WSD |
|  | ) |
| v. | ) |
|  | ) |
| **BRIAN KEMP,** | ) **PLAINTIFF'S MOTION FOR** |
| *In His Official Capacity as Georgia* | ) **EXPEDITED DISCOVERY AND** |
| *Secretary of State and Chief Election* | ) **MEMORANDUM OF LAW IN** |
| *Official for the State of Georgia,* | ) **SUPPORT** |
|  | ) |
| Defendant. | ) **REQUEST FOR TREATMENT** |
|  | ) **AS AN EMERGENCY MOTION** |
|  | ) **UNDER LOCAL RULE 7.2(B)** |

Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiff Project Vote, Inc. ("Project Vote") hereby respectfully moves this Court to allow limited expedited discovery in support of its Motion for Preliminary Injunction (Dkt. 12). Defendant Brian Kemp's Response in Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition" or "Opp.") (Dkt. 18) raises several new factual assertions regarding key issues in this case. Accordingly, Project Vote moves for limited, expedited discovery—specifically a single Rule 30(b)(6) deposition—to clarify and address Defendant's factual claims in order to resolve Project Vote's pending motion as efficiently as possible.

## BACKGROUND

For over two years Project Vote has sought certain records that Defendant is required to maintain and make available for public inspection under the National Voter Registration Act ("NVRA"). Project Vote filed this action on July 6, 2016 because Defendant failed to provide the requested records. *See generally* Compl. (Dkt. 1). In light of the upcoming federal elections, Project Vote filed a Motion for Preliminary Injunction (Dkt. 12) and Memorandum of Law in Support (Dkt. 12-1) on July 13, 2016, asking the Court to order Defendant to make the requested records available for public inspection as required under the NVRA. *See* 52 U.S.C. § 20507(i)(1) (the "Public Disclosure Provision"). On July 18, 2016, Defendant provided Project Vote with certain data that purported to satisfy Project Vote's requests. In his Opposition to the Preliminary Injunction Motion, Defendant directly asserted that Project Vote's motion was now moot because of that production. Moreover, Defendant made certain factual claims regarding the extent of his office's recordkeeping practices.

As such, Project Vote seeks limited expedited discovery to test Defendant's assertions regarding the sufficiency and completeness of his July 18, 2016 production and the meaning of materials produced at that time. As required by Rule 26(d)(1) and Local Rule 16, Project Vote met and conferred with Defendant's

counsel in an attempt to agree upon limited expedited discovery. Defendant does not consent to any discovery. Given that Project Vote is seeking expedited discovery, Project Vote requests that this Court treat this motion as an Emergency Motion under Local Rule 7.2(B).

## ARGUMENT

"A court may allow expedited discovery upon a showing of good cause." *Arista Records LLC v. Does 1-7*, No. 3:08-CV-18 (CDL), 2008 U.S. Dist. LEXIS 13831, at *3 (M.D. Ga. Feb. 25, 2008); *Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27 MAP, 2008 U.S. Dist. LEXIS 27994, at *3-4 (M.D. Fla. Apr. 4, 2008) ("A court may allow discovery before the Rule 26(f) conference upon a showing of 'good cause.'").[1] Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of

---

[1] Although courts in this Circuit generally require a showing of good cause, a minority of courts have used a multifactor test similar to that required for a preliminary injunction. *Platinum Mfg. Int'l*, 2008 U.S. Dist. LEXIS 27994, at *3-4 n.3 (applying the good cause test but recognizing that "some courts require movants to make a showing similar to that required for a preliminary injunction"); *see, e.g.*, *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (noting that expedited discovery is appropriate if the movant can show "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without the expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted"). Project Vote submits that it has similarly satisfied that standard, as discussed in its Memorandum of Law in Support of Project Vote's Motion for Preliminary Injunction (Dkt. 12-1).

discovery." *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Discovery prior to the Rule 26(f) conference is "appropriate in some cases, such as those involving requests for a preliminary injunction." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment (Subdivision (d)). Factors a court may consider in evaluating good cause include:

> "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made."

*Thyssenkrupp Elevator Corp. v. Hubbard*, No. 2:13-cv-202-Ftm-29SPC, 2013 U.S. Dist. LEXIS 66949, at *2 (M.D. Fla. May 10, 2013).[2]  Indeed, "Courts generally find good cause in cases in which . . . the plaintiff seeks a preliminary injunction, or in which unique circumstances exist that require immediate, limited discovery."

---

[2] Consideration of these or similar factors have also been framed as a question of reasonableness by courts. *See Dell Inc. v. BelgiumDomains, LLC*, No. 07-22674, 2007 U.S. Dist. LEXIS 98676, at *17 (S.D. Fla. Nov. 20, 2007) ("Courts have adopted a good cause or reasonableness standard for granting expedited discovery."); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) (describing good cause as a decision "on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances"). Project Vote again submits that it has satisfied such a framing of the applicable standard.

*Burns v. City of Alexander City*, No. 2:14-cv-350-MEF, 2014 U.S. Dist. LEXIS 73703, at *2-3 (M.D. Ala. May 30, 2014).

## I.    Good Cause Exists for Limited Expedited Discovery

Project Vote has demonstrated good cause for limited expedited discovery in support of its pending Motion for Preliminary Injunction because such discovery is necessary to understand and test factual arguments raised by Defendant. Limited expedited discovery is also necessary to define the proper scope of any relief the Court may order should it grant Project Vote's preliminary injunction motion. As explained below, the proposed deposition would be tailored to Defendant's factual assertions and defining the proper scope of relief.

*Defendant Put Factual Questions at Issue.* Defendant's Opposition makes factual claims that he asserts defeat some or all aspects of Project Vote's Motion for Preliminary Injunction. These include Defendant's assertion that his July 2016 production moots Project Vote's claim by satisfying all of its requests, as well as his assertions that various records do not exist. *See, e.g.*, Opp. 11 ("[B]ecause Plaintiff has already been provided the data it seeks, its motion for preliminary injunction is moot."); *id.* at 9 (noting the "initial reason" a voter was canceled may no longer be stored in GVRS database). Neither Project Vote nor the Court can fully assess such claims—or the impact they may or may not have on the relief

Project Vote seeks in its Motion for Preliminary Injunction—without further explanation of what has and has not been provided. After two years of stonewalling, Project Vote and this Court should not simply take Defendant's word for it.

**First**, Defendant's July 2016 production contains numerous undefined codes that make it impossible to determine the meaning of data provided within them, as has been the case with each of its productions to date. For example, with his July 2016 production, Defendant provided no records actually explaining the meaning of any of the following: the "Action" column or the codes within it, including "USER ACTION" and "SYSTEM"; the "Status Reason" and "Reason Code" fields, and particularly why the data in these fields is sometimes inconsistent for applicants; and the "Pending" status field as to voters with a "Date of Canceled" more than forty days before the date of Defendant's production.[3] Limited discovery is appropriate to permit Project Vote—and this Court—to understand what records Defendant produced and whether others are outstanding. A Rule 30(b)(6) deposition of the individual most knowledgeable about the GVRS

---

[3] Defendant has previously represented that applicants are not pending for longer than forty days. *See* Ex. M to Ference-Burke Decl. 4 (Dkt. No. 1-14) ("There is a pending list, but applicants on that list either become active voters or move to cancelled status within 40 days.").

database and the maintenance of applicable records will allow Project Vote to directly address Defendant's factual assertions in the most efficient manner.

*Second*, Defendant claims that all of Project Vote's requests are moot, but provides no explanation for why entire categories of records that Project Vote has requested since May and September 2014 are missing from the data he provided. For example, Defendant never provided any of the following information for applicants not added to the voter roll: (i) the date an application was signed by an applicant; (ii) the date an application was received by election officials; (iii) an applicant's phone number; (iv) records relating to the processing of the application, including (v) the date it was processed or entered into the database; (vi) the history of any change in an applicant's registration status; (vii) the types of letters or notices mailed; (viii) the dates such letters or notices were mailed; (ix) the status of such letters or notices (*i.e.*, whether they were returned as undeliverable); and (x) any responses to such letters or notices. *See* Compl. ¶¶ 39 & n.2, 45; Exs. B and F to Ference-Burke Decl. (Dkts. 1-3 & 1-7). Further, Defendant never provided records relating to whether election officials used an override option or otherwise took action to manually change the status of a voter registration applicant, records that clearly fall within Project Vote's request for "all records relating to the processing of the application." Ex. B to Ference-Burke Decl. (Dkt. 1-3).

Defendant has provided no explanation for why he has failed to provide these records, or as to how he has satisfied Project Vote's requests without providing them. Instead, Defendant offers only a blanket statement that Project Vote's requests are moot based on cherry-picked information he produced. Limited discovery is appropriate so that Project Vote can address these mootness arguments.

*Third,* discovery is equally necessary to test Defendant's claim that records he has not produced are wholly unavailable. By way of example, Project Vote specifically requested "all records relating to the specific reason an applicant was rejected, canceled, or otherwise not added to the voter roll." Mot. Prelim. Inj. 2. In response, Defendant claims that he cannot provide "the initial reason the voter was canceled," only "the most recent information added to the database for that field." Opp. 9. Likewise, Defendant claims that R-1 and R-2 Reports are no longer available, yet fails to address whether any other such reports exist. *See id.* at 22 n.15. To the extent reports exist that contain some or all of the same information contained in the R-1 and R-2 Reports, such reports would clearly be responsive to Project Vote's requests. Defendant offers no explanation for factual assertions about the way in which certain records are maintained or whether certain data are maintained at all.

Project Vote therefore asks that it be permitted to understand, test, and respond to Defendant's factual claims by taking a deposition of the individual best able to provide essential background on such assertions. Even if Defendant's factual assertions are accurate, that discovery will permit Project Vote to tailor the scope of the relief it seeks in its preliminary injunction motion.

*Time Is of the Essence.* Requiring that discovery on these issues proceed on an expedited basis is appropriate because time is of the essence. Courts have repeatedly recognized that expedited discovery may be appropriate to further the resolution of a motion for preliminary injunction. Fed. R. Civ. P. 26(d)(1) advisory committee's note to 1993 amendment (Subdivision (d)); *Burns*, 2014 U.S. Dist. LEXIS 73703, at *2. Project Vote filed this case and sought preliminary relief precisely because the 2016 presidential elections are now only three months away and the State of Georgia's voter registration deadline is one month earlier. Compl. p. 39 (Dkt. 1). Project Vote's purpose in seeking these records is to assess voter registration and participation ahead of this fast-approaching election, including to ensure that "voter registration applicants are properly added to the voter rolls and that voters are not improperly purged." Compl. ¶¶ 1-4.

As discussed above, Project Vote's requested discovery targets the issues presented in the pending preliminary injunction. More specifically, Project Vote

seeks information that is relevant and essential to address Defendant's arguments in opposition to that motion. The limited expedited discovery sought with this motion does not seek to cover all material sought in Project Vote's complaint.

*The Balance of the Equities Favors Limited Discovery.* Finally, any burden on Defendant to make one witness available for a deposition is minimal. Through the submission of sworn declarations, Defendant has already involved in this litigation his Chief Information Officer, an individual who would potentially satisfy the requirements for a 30(b)(6) deponent in this case.

On the other hand, the potential harm to Project Vote and the Georgia voters Project Vote is trying to assist from denying expedited discovery is significant. Given the limited timeframe before the upcoming elections, depriving Project Vote of information needed to dispute Defendant's arguments against the preliminary injunction motion could significantly undermine the NVRA's purpose of meaningful public oversight for states' voter registration activities. What is more, Defendant's own contention that certain voter registration data are not preserved, but regularly overwritten and erased, raises the possibility that certain information requested will no longer be available unless and until this Court orders its production.

**II.**   **Project Vote Requests This Court Order Expedited Discovery of Specific, Limited Evidence**

Project Vote therefore respectfully requests that this Court direct Defendant to make available for a 30(b)(6) deposition the individual most knowledgeable about (1) the GVRS database maintained by Defendant or under the authority of his office, and (2) the factual claims made in Defendant's Opposition. As described above, the questions that would be posed to this individual concern the existence and form of the records that Defendant maintains, including records requested by Project Vote that have yet to be provided by Defendant; the meaning and comprehensiveness of certain fields in the materials that Defendant has provided to date; and the nature and scope of the records available. This information goes directly to resolving the issues raised in Project Vote's motion and the factual claims made by Defendant in his Opposition.

To ensure this information can be used to promptly resolve this matter and allow for a hearing in the necessarily limited timeframe available to the parties, Project Vote proposes the following deposition schedule:

August 12, 2016 – deadline to serve 30(b)(6) deposition topics;

August 22, 2016 – earliest date to schedule 30(b)(6) deposition;

August 31, 2016 – deadline to complete 30(b)(6) deposition;

September 7, 2016 – deadline for Plaintiff to file its reply in support of the

Motion for Preliminary Injunction, including evidence gained through

discovery.

Project Vote respectfully requests that this Court allow limited expedited discovery

as set forth above.

DATED this 9th day of August, 2016

Respectfully submitted,

*/s/ James W. Cobb*
James W. Cobb
T. Brandon Waddell
**CAPLAN COBB**
75 Fourteenth Street NE
Suite 2750
Atlanta, GA 30309
(404) 596-5600
jcobb@caplancobb.com

(co-counsel listed on next page)

**PROJECT VOTE, INC.**
Michelle E. Kanter Cohen
(admitted *pro hac vice*)
1420 K Street NW
Suite 700
Washington, DC 20005
(202) 546-4173
mkantercohen@projectvote.org

**ROPES & GRAY LLP**
John C. Ertman
(*pro hac vice* application pending)
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
john.ertman@ropesgray.com

and

Nicole C. Durkin
David E. Rhinesmith
Jonathan R. Ference-Burke
David A. Young
(admitted *pro hac vice*)
2099 Pennsylvania Ave NW
Washington, DC 20006
(202) 508-4600
nicole.durkin@ropesgray.com
david.rhinesmith@ropesgray.com
jonathan.ference-burke@ropesgray.com
david.young@ropesgray.com

*Attorneys for Plaintiff Project Vote, Inc.*

## <u>CERTIFICATION OF COMPLIANCE WITH FEDERAL RULE 37(a)(1)</u>

I hereby certify that, on August 9, 2016, counsel for Plaintiff Project Vote, Inc. participated in a conference call with and subsequently exchanged email messages with counsel for Defendant Brian Kemp to confer in good faith about Plaintiff's request for expedited discovery that is the subject of this Motion. Defendant denied Plaintiff's request for expedited discovery.

*/s/ James W. Cobb*
James W. Cobb

## **RULE 7.1 CERTIFICATION**

I hereby certify that the foregoing was prepared in accordance with the font and point selections approved by the court in Local Rule 5.1B.

*/s/ James W. Cobb*
James W. Cobb

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of August, 2016, I electronically filed the foregoing Motion for Expedited Discovery and Memorandum of Law in Support under Local Rule 7.2(B) with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ James W. Cobb*
James W. Cobb
