IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PROJECT VOTE, INC.,<br><br>      **Plaintiff,**<br><br>v.<br><br>BRIAN KEMP, in his official capacity as Secretary of State and Chief Election Official for the State of Georgia,<br><br>      **Defendant.** | 1:16-cv-2445-WSD |

## ORDER

This matter is before the Court on Plaintiff Project Vote, Inc.'s ("Plaintiff") Motion for Expedited Discovery [24] and Defendant Brian Kemp's ("Defendant") Motion to Stay All Discovery Related Activities [21].

### I.  BACKGROUND

On July 6, 2016, Plaintiff filed its Complaint [1], alleging that, in violation of Section 8(i)(1) of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1), Defendant refuses to disclose certain voter registration records requested by Plaintiff. On July 13, 2016, Plaintiff filed its Motion for Preliminary Injunction [12], seeking an order requiring Defendant to disclose the records. In view of Georgia's October 11, 2016, voter registration deadline for the

2016 general election, Plaintiff asked the Court to treat its Motion for Preliminary Injunction as an emergency motion under Local Rule 7.2(B). On July 20, 2016, Defendant filed his Response in Opposition to Plaintiff's Motion for Emergency Status Regarding Preliminary Injunction Motion [15], sent Plaintiff a digital file containing information about voter registration applications, and asserted that this production of materials rendered Plaintiff's Motion for Preliminary Injunction moot. In view of Defendant's production, Plaintiff the next day withdrew its request for emergency treatment of its Motion for Preliminary Injunction. ([17]).

On August 3, 2016, Defendant filed his Motion to Dismiss [20]. The same day, Defendant filed his Motion to Stay All Discovery Related Activities [21], seeking to stay, until Defendant's Motion to Dismiss is decided, certain litigation requirements imposed by the Court's Local Rules. On August 9, 2016, Plaintiff filed its Motion for Expedited Discovery, requesting to conduct a deposition, under Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"), "to test Defendant's assertions regarding the sufficiency and completeness of his July 18, 2016 [sic] production and the meaning of materials produced at that time." ([24] at 2).[1] Plaintiff seeks to depose Defendant (i) on the meaning of undefined codes in

---

[1] Defendant represents that the production, delivered to Plaintiff on July 20, 2016, was current as of July 18, 2016. ([15] at 6).

2

Defendant's July 2016 production, (ii) on why Defendant has not produced certain requested records, and (iii) "to test Defendant's claim that records he has not produced are wholly unavailable" and to ask whether other available records contain some or all of the information now unavailable. ([24] at 6-9).

On August 10, 2016, the Court ordered [25] Plaintiff to identify (i) the specific undefined codes for which Plaintiff seeks an explanation, (ii) the specific category or categories of records that Plaintiff requested but which Plaintiff claims were not produced, and (iii) the requested records that, according to Plaintiff, Defendant claims are unavailable. On August 11, 2016, Plaintiff filed its Response to Order to Produce Information [26], providing the information requested by the Court.

## II.   DISCUSSION

### A.   Rule 30(b)(6) Deposition

The Court has considered Plaintiff's request for a deposition and the scope of the matters about which Plaintiff seeks to inquire. The information sought is narrow and focused on understanding the information Defendant voluntarily produced to Plaintiff before and during this litigation. Because the scope of the Rule 30(b)(6) deposition is reasonable and a deposition on the requested matters will promote understanding of the process by which Defendant seeks to comply

3

with the NVRA, Plaintiff's motion to conduct the deposition is granted. To further facilitate the deposition process, the Court has set out in this Order the Rule 30(b)(6) categories upon which the deposition is allowed. These categories, which are set out below, more precisely define the matters upon which Plaintiff may conduct the deposition.

**Category No. 1**

The meaning of the following specific codes, used in the data file produced on July 20, 2016, and the reason for, or what triggered, their appearance in the July 20, 2016, production:[2]

| CODE | LOCATION IN JULY 2016 DATA FILE |
|---|---|
| "Action" | Column N |
| "USER ACTION" | "Action" column |
| "SYSTEM" | "Action" column |
| "Error" | "Status Reason" column |
| "Verification" | "Status Reason" column |
| "Duplicate" | "Status Reason" column |
| "Hearing" | "Status Reason" column |
| "Reason Code" | Column L |
| "CIZ" | "Reason Code" column |
| "PVR" | "Reason Code" column |
| "Date of Canceled" | Column M |

---

[2] For example, Defendant's Rule 30(b)(6) witness should explain why the system caused "USER ACTION" to appear in the "Action" column.

**Category No. 2**

For rejected, canceled, or not added applicants, whether Defendant produced records containing the following information:

1. The date voter registration applications were signed by an applicant.

2. The date applications were received by election officials.

3. The phone number of an applicant if the applicant provided it on their application.

4. The date applications were entered into Defendant's GVRS database.

5. Each change in an applicant's registration status.

6. The types of letters or notices that were mailed to applicants (the "Letters or Notices").

7. The dates the Letters or Notices were mailed to each applicant.

8. The return or other disposition of the Letters or Notices, and the responses, if any, to the Letters or Notices.

9. The code for voters or applicants in a "Canceled" status if the "Status Reason" code is other than the eleven (11) options on the ENET GVRS list or on the drop down menu.

10. The algorithm or criteria used to determine whether the information provided by an applicant in a voter registration application matched information in the Department of Driver Services database or the Social Security Administration database.

11. The algorithm or criteria used to determine whether "Citizenship Verification" or "Non-Citizen" is listed as a "Status Reason" for an applicant.

12. The meaning of codes used in the records provided.

If any of the information described above was not contained in the records produced, why did the records not contain the information.

**Category No. 3**

Whether election officials manually, instead of mechanically, changed the status of one or more applicants.

**Category No. 4**

Whether records containing all or parts of the following information were not available to be produced when Defendant produced records to Plaintiff:

1. Whether applicants who moved from "Pending" to "Canceled" were unable to be verified with the Department of Driver Services database or the Social Security Administration database, and the specific information that could not be verified when verification was attempted.

2. The reasons, other than the most recent reason, that an applicant was rejected, canceled, or otherwise not added to the voter rolls.

3. The R-1 and R-2 Reports identified in Defendant's August 2010 Voting Rights Act Section 5 submission to the Department of Justice.

4. The specific reason for cancellation of voters or applicants who were assigned both a status of "Canceled" and a status reason of "Error," "Hearing," or "Rejected."

The Rule 30(b)(6) deposition allowed by this Order shall be conducted on or before August 22, 2016. Plaintiff may file, on or before August 29, 2016, a

supplement to its Reply in Support of its Motion for Preliminary Injunction [28]. In the supplement, Plaintiff shall identify specifically (1) the records it requested that Defendant is required, but failed, to produce, and (2) the specific issues that are in dispute regarding Defendant's obligation to produce records under the NVRA.

### B. Defendant's Motion to Stay Discovery

Defendant requests a stay of "all discovery related activity," including the early planning conference required by Local Rule 16.1, the Joint Preliminary Report and Discovery Plan required by Local Rule 16.2, and the disclosures required by Local Rule 26.1. ([21] at 1-2). Plaintiff opposes Defendant's motion. ([22]). "District courts enjoy broad discretion in deciding how best to manage the cases before them." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). In a case like this, which focuses on injunctive relief and in which there already has been a voluntary production of materials on issues central to the action, the requirements of Local Rules 16.1, 16.2 and 26.1 may not assist the processing of the case.

Under the circumstances of this case, the Court believes that requiring the parties to comply with the discovery requirements of Local Rules 16.1, 16.2 and 26.1 would distract the parties from focusing on the core issues in this case, and

compliance with these rules is not required at this time.[3]  Defendant's Motion to Stay All Discovery Related Activities is denied as to the Rule 30(b)(6) deposition allowed by this Order.  Because compliance with Local Rules 16.1, 16.2 and 26.1 is not currently required, the motion is denied as moot as to the other relief requested.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expedited Discovery [24] is **GRANTED** and Plaintiff shall file its Notice of Rule 30(b)(6) Deposition limited to the categories set out in this Order.

**IT IS FURTHER ORDERED** that, until otherwise required by this Court, the parties are not required to comply with Local Rules 16.1, 16.2 and 26.1.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay All Discovery Related Activities [21] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff may file, on or before

---

[3]  Under the Local Rules, the parties' current discovery obligations are limited because the discovery period does not begin until Defendant files his answer.  See LR 26.2(A), NDGa; Spooner v. Wells Fargo Bank, Nat. Associations (INC), No. 1:14-cv-3897, 2015 WL 5136385, at *7 (N.D. Ga. Aug. 31, 2015); Top Sales & Servs., Inc. v. City of Forest Park, No. 1:09-cv-0442, 2010 WL 966964, at *2 (N.D. Ga. Mar. 12, 2010).

August 29, 2016, a supplement to its Reply in Support of its Motion for Preliminary Injunction [28].

**SO ORDERED** this 12th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE