IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PROJECT VOTE, INC., | * | |
| | * | Civil Action No. |
| Plaintiff, | * | 1:16CV02445-WSD |
| | * | |
| v. | * | |
| | * | |
| BRIAN KEMP, in his official capacity as | * | |
| Secretary of State and Chief Election | * | |
| Official for the State of Georgia, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

**DEFENDANT BRIAN KEMP'S
BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION**

**I.   Introduction and Procedural History.**

Plaintiff filed this action on July 6, 2016 seeking access to voter registration data maintained in the State's election database. Doc. 1. Plaintiff sought preliminary injunctive relief on July 13, 2016. Doc. 12. Defendant filed a motion to dismiss on August 3, 2016. Doc. 20. On September 20, 2016 this Court denied Defendant's motion to dismiss and Ordered Defendant to make certain voter registration data, that Defendant had not previously produced due to the technical inability to extract the data from the state's election database, available to Plaintiff. Doc. 38. As a result of this Court's Order, Defendant contracted with the third

1

party vendor that maintains the state's election database to create a new software application that now provides access to all voter registration information while maintaining the confidentiality of information protected by either state or federal law.  *See* Declaration of S. Merritt Beaver, attached hereto as Exhibit 1, ¶¶ 5-8.  Defendant has installed a permanent public terminal at the Office of the Secretary of State where any member of the public may now access *all* non-confidential information in the state's voter registration database.  *Id.* at ¶ 9.  The terminal is connected to a printer to allow members of the public to print hard copies of any record.  *Id.* at ¶ 10.  In addition, the eNet database has the ability to run a number of reports, which will be available to all members of the public, both by visiting the office of the Secretary of State or by submitting a written request.  *Id.* at ¶ 11.

Plaintiff now moves for dismissal pursuant to Fed. R. Civ. Proc. 12(h)(3), because Plaintiff's claim for relief is moot.

## II.   Plaintiff's Claim for Relief is Moot.

Plaintiff's complaint seeks access to certain records which are now available to Plaintiff, and the general public, for inspection.  Pursuant to "Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1118 (11th Cir. 1995); *see also Susan B. Anthony List v. Driehaus,* 134 S. Ct. 2334, 2341

(2014). "[I]t is incumbent upon [a] court to consider issues of mootness *sua sponte*." *Id.* quoting *Pacific Ins. Co. v. General Development Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994). "[D]ismissal is compulsory as federal subject matter jurisdiction vanishes at the instant the case is mooted." *Beta Upsilon Chi Upsilon Chptr. v. Machen*, 586 F.3d 908, 916 (11th Cir. 2009) (internal citation omitted). "[M]ootness turns on whether an adversary relationship sufficient to sharpen presentation of issues exists." *Dudley v. Stewart*, 724 F. 2d 1493, 1495 (11th Cir. 1984) (*quoting Franks v. Bowman Transp. Co.*, 424 U.S. 747 (1976)). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Dudley*, 724 F. 2d at 1494 (*citing O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). Here, the development of a software application for eNet which provides members of the public, including Plaintiff, with the ability to inspect *any* non-confidential election data contained in eNet has effectively mooted Plaintiff's claims for injunctive relief.

The NVRA provides that:

(1) Each State shall maintain for at least 2 years and shall make ***available for public inspection*** and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a

> declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

52 U.S.C. § 20507(i) (emphasis added).  By establishing a method by which members of the public may inspect all non-confidential voter registration data in the eNet system, Defendant has fully complied with the NVRA's public disclosure provision.  Therefore, there is no further relief that this Court may provide.

Plaintiff no longer has the necessary "personal stake" in the outcome of the equitable relief claims because the former obstacle to disclosure – the inability of Defendant to provide access to the data while simultaneously restricting access to confidential data – is no longer present and therefore Defendant has now made all records in the database available for inspection. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990).  "[T]he repeal or amendment of an allegedly unconstitutional statute moots legal challenges to the legitimacy of the repealed legislation." *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005), *cert. denied*, 546 U.S. 1170 (2006); *See also Tanner Adver. Group v. Fayette County*, 451 F.3d 777, 785 (11th Cir. 2006); *Naturist Soc., Inc. v. Fillyaw*, 958 F.2d 1515, 1520 (11th Cir. 1992) (explaining that "[w]here a law is amended so as to remove its

4

challenged features, the claim for injunctive relief becomes moot as to those features."). Here, the technical modifications that created the public terminal permanently alter the amount of information that is now available to the public.

In this Circuit, "a challenge to governmental action has been mooted when the alleged wrongdoers have ceased the allegedly illegal behavior and the court can discern no reasonable chance that they will resume it upon termination of the suit." *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1284 (11th Cir. 2004); *See also Jews for Jesus, Inc. v. Hillsborough County Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998) (holding that where a prior policy had changed "there [was] no meaningful relief left for the court to give. The only remaining issue [was] whether the [defendant's] policy *was* constitutional – which . . . [was] a purely academic point.") (emphasis in original).

Moreover, "governmental entities and officials [are] given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities." *Nat'l Adver. Co.*, 402 F.3d at 1333-1334 (quoting *Coral Springs St. Sys. v. City of Sunrise*, 371 F.3d 1320, 1328-29 (11th Cir. 2004)); *See also Jacksonville Prop. Rights Ass'n v. City of Jacksonville*, 635 F.3d 1266, 1274 (11th Cir. 2011) (recognizing rebuttable presumption in favor of government

actors).  Here, the Secretary of State took unambiguous steps[1] that now provide members of the public the opportunity to view election data while still maintaining the confidentiality of protected information.  *See Nat'l Ass'n of Bds. Of Pharm. v. Bd. of Regents*, 633 F.3d 1297, 1310 (11th Cir. 2011) (discussing that "whether the termination of the offending conduct was 'unambiguous'" is a factor to be considered by court in determining mootness).  By modifying the eNet software to make it possible for the public to view the data while still maintaining confidentiality of protected information, there is no longer any dispute for the Court to resolve with respect to Plaintiff's ability to *inspect* all election data.[2]

Finally, Plaintiff now contends that the NVRA requires that Defendant provide Plaintiff with *electronic copies* of the statewide voter registration database.  Doc. 46 at 3.  Plaintiff provides no legal basis for its assertion that a statute requiring records be made available for *public inspection* must be made available in a particular format, i.e., electronic copies of a database.  To the contrary, the statutory language requires only "*public inspection and, where available,*

---

[1] The Secretary both had modifications to the election software made, to maintain confidentiality of protected information while allowing inspection of all other election data, *and* configured office space to provide a space within the office for members of the public to utilize a computer and view the election database.

[2] Plaintiffs have not identified any data, outside of the voter registration data maintained as part of the state's electronic election database that Defendant allegedly possesses but fails to disclose.

*photocopying at a reasonable cost*." 52 U.S.C. § 20507(i) (emphasis added). Moreover, in response to Defendant's initial motion to dismiss, Plaintiff asserted that "Project Vote has consistently requested 'records,' and its July 6, 2015 Notice Letter and Complaint make clear that this request is not limited to specific formats." Doc. 33 at 14. In fact, this Court noted that Plaintiff has not sought "the Requested Records in any particular format" in the Order granting in part Plaintiff's motion for preliminary injunction. Doc. 38 at 31. Defendant has made *all* registration data available for inspection. Plaintiff does not dispute the fact that all voter registration information is available for inspection in eNet.[3] Rather, Plaintiff disputes that Defendant's "*method of compliance* satisfies the Court's September 19, 2016 order and [Defendant's] obligations under the NVRA." Doc. 46 at 3 (emphasis added). However, nothing in the NVRA requires more than "public inspection" and "photocopies" where available, and at reasonable cost. 52 U.S.C. § 20507(i). "[S]tatutory analysis must begin with the language of the law. . . [and] [w]hen the statutory language is clear, [the Court's] analysis ends with it as well." *United States v. Feaster*, 798 F.3d 1374, 1378 (11th Cir. 2005) (internal citation omitted). "In evaluating the language, we assume that Congress employed the common and ordinary meaning of the terms in the statute, and we

---

[3] As discussed above, information protected by state or federal law is not disclosed.

give full effect to each of the provisions." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). Here, the ordinary meaning of the terms in NVRA's public disclosure provision do not support Plaintiff's interpretation of the statute. Congress could have included a requirement that digital copies of voter registration records must be produced upon request, but Congress did not do so.[4] "A general guide to statutory construction states that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius." *United States v. Castro*, 837 F.2d 441, 442 (11th Cir. 1988) (internal quotation marks omitted).

Similarly, this Court's Order granting in part preliminary relief required disclosure of the records in the statewide electronic database, not a particular *method* of disclosure and certainly not an electronic copy of the database itself.[5] All voter registration records maintained by the Secretary of State, including all records stored in the statewide election database, are now available for inspection

---

[4] Congress amended another part of the NVRA, Sec. 8(b), in 2002 as part of the Help America Vote Act (HAVA). *See* Sec. 903, Pub. L. No. 107-252, 116 Stat. 1728, codified at 52 U.S.C. § 20507(b). HAVA required, for the first time, that States maintain a centralized electronic voter registration database. 52 U.S.C. § 21083(a)(1)(A). Had Congress wanted to include electronic copies of that database within the disclosure requirements of the NVRA it could have amended the disclosure provision, Sec. 8(i), but Congress did not do so.

[5] This Court's prior Order did not address whether Plaintiff is entitled to a digital copy of the statewide voter registration database. *See* Doc. 38 at 27 n. 24. *See also* Doc. 38 at 60 n. 42 (explaining that Plaintiffs "do not seek a copy of the Database.").

by Plaintiff. Accordingly, Plaintiff's claims for declaratory and injunctive relief are moot and should be dismissed.

Respectfully submitted,

CHRISTOPHER M. CARR    112505
Attorney General

ANNETTE M. COWART    191199
Deputy Attorney General

RUSSELL D. WILLARD    760280
Senior Assistant Attorney General
rwillard@law.ga.gov
/s/Cristina M. Correia
CRISTINA M. CORREIA    188620
Assistant Attorney General
ccorreia@law.ga.gov

JOSIAH B. HEIDT    104183
Assistant Attorney General
jheidt@law.ga.gov

Please address all
Communication to:
CRISTINA CORREIA
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
(404) 656-7063
 Fax:  404-651-9325

9

## Certificate of Service

I hereby certify that on January 13, 2017, I electronically filed Defendant Brian Kemp's Brief in Support of Motion to Dismiss using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

James Cobb
Timothy Brandon Waddell
Caplan Cobb LLP, Suite 2750
75 Fourteenth Street, NE
Atlanta, GA  30309

Michelle Kanter Cohen
Project Vote
1420 K. Street NW
Washington, D.C.  20005

John C. Ertman
ReBoul MacMurry Hewitt Maynard & Kristol
45 Rockefeller Plaza
New York, NY  10111

Jonathan R. Ference-Burke
Ropes & Gray, LLP-DC
2099 Pennsylvania Avenue, NW
Washington, D.C.  20006

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  NONE

This 13th day of January, 2017.

/s/Cristina Correia
Cristina Correia            188620
Assistant Attorney General